IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BANCO PANAMERICANO, INC., a South Dakota Corporation, | ) ) ) | |
| Plaintiff-counterdefendant, | ) ) | No. 07 C 15 |
| v. | ) ) | Judge Rebecca R. Pallmeyer |
| CONSORTIUM SERVICE MANAGEMENT GROUP, INC., also known as CONSORTIUM MANAGEMENT GROUP, INC., a Texas Corp and CSMG GASTECH, LLC, a Texas LLC, | ) ) ) ) ) ) | |
| Defendants-counterplaintiffs. | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO MODIFY MINUTE ORDER

Plaintiff, Banco Panamericano, Inc. ("Banco"), by its attorneys, submits this response to the motion of Defendants, Consortium Service Management Group, Inc. and CSMG Gastech, LLC (collectively, "CSMG"), to modify the Court's minute order dated January 29, 2009.

CSMG brings its motion after failing to honor its own Forbearance Agreement and resisting Banco's efforts to amicably resolve the judgment of $726,491.91 entered in favor of Banco. As of this writing, CSMG has not paid a penny toward satisfying Banco's judgment. Banco's motion for an award of its attorney's fees and costs is also pending. Finding itself on the wrong end of these proceedings, CSMG again attempts to delay the inevitable and dictate the terms by which Banco's judgment may be satisfied. The Court should resist CSMG's delaying tactics and reject CSMG's "advice."

Banco acknowledges that under the Federal Rules of Civil Procedure, the procedure for executing on a judgment follows the procedure of the state where the court is located -- in this case, Illinois. CSMG is wrong, however, when it insists that under Illinois law, a debtor's property subject to a citation lien must be delivered up to the sheriff for public sale. CSMG relies

on the district court's opinion in *Bobak Sausage Co. v. Bobak Orland Park, Inc., et al.*, 2008 WL 4814693 (N.D. Ill., Nov. 3, 2008). *Bobak*, however, does not go as far as CSMG suggests. In that case, Judge Kennelly rejected an argument that the only permissible method of disposing of a membership interest in a limited liability company is by a public sale held by a sheriff. The court noted that Section 2-1402(e) of the Illinois Code of Civil Procedure, 735 ILCS 5/1402(e), provides that property delivered up by a debtor or by third parties "shall, except as otherwise provided in this Section, be delivered to the sheriff to be ... sold at public sale and the proceeds thereof applied towards the payment of costs and the satisfaction of the judgment." Judge Kennelly then observed:

> A closer look at both the case [*Dowling v. Chicago Options Assoc., Inc.*, 365 Ill.App.3d 341 (2006)] and the statute reveal, however, that there is more room for flexibility than [the judgment debtor] suggests. The first sentence of Section 2-1402(e), quoted earlier, provides the general procedure for disposition of nonexempt assets. The second sentence states that "[i]f the judgment debtor's property is of such a nature that it is not readily delivered up to the sheriff for public sale or if another method of sale is more appropriate to liquidate the property ... the court may order the sale of such property by the debtor ... or by a selling agent other than the sheriff." 2008 WL 4814693, at pp. 3-4.

*Bobak*, therefore, does not limit this Court's power to order the liquidation of CSMG's assets to satisfy Banco's judgment. In fact, this Court anticipated the need to freeze certain of CSMG's assets when it entered various orders prohibiting CSMG from disposing of assets that might one day be sold to satisfy a judgment. As noted in our Motion for Turnover Order ("Motion"), the Court previously entered the following orders:

- On July 25, 2007, the Court entered a temporary restraining order prohibiting CSMG from "disposing of any material or equipment that may be secured by the loan from Plaintiff." This includes the $CO_2$ Scrubber located at the Chastang Landfill. *See* Motion, Ex. F.

2

- On August 9, 2007, the Court expanded the TRO to include a prohibition on the transfer of LTC stock. *See* Motion, Ex. G.

- On September 7, 2007, by agreement of the parties, the TRO was extended to prohibit CSMG from disposing of any patent rights. *See* Motion, Ex. H.

There is, therefore, both a factual and legal basis for ordering CSMG to turn over the scrubber, LTC stock, and patent rights to Banco for a sale to satisfy Banco's judgment. When the Court entered the above orders, it recognized the need to preserve CSMG's assets in the event of a judgment for Banco. Banco intends to sell the assets at a UCC sale, and any surplus, after payment of legal fees and costs, will be returned to CSMG. Banco will comply with all notice requirements of the UCC and will keep the Court and CSMG's counsel fully apprised of its actions.

Banco also urges the Court to reject the condition in paragraph 7 of CSMG's proposed order that attempts to impose a presumption against Banco "that the proceeds of a properly conducted sale would have at least fully satisfied the judgment." While CSMG has the right to contest the manner in which a sale is conducted, the Court should not prejudge the issue and impose a burden on Banco that, according to CSMG, "may be overcome only by clear and convincing evidence." CSMG has not pointed to any legal authority that would support the imposition of such a burden.

Banco's proposed order is attached to this response as Exhibit A. (A copy is also attached as Exhibit B to CSMG's Motion to Modify Minute Order but it bears a February date).

3

For the foregoing reasons, Banco Panamericano, Inc. respectfully requests that the Court deny CSMG's Motion to Modify Minute Order, and enter a turnover order in the form attached as Exhibit A.

Respectfully submitted,

**BANCO PANAMERICANO, INC.**

By: /s/   Louis D. Bernstein
     **One of Its Attorneys**

Louis D. Bernstein
Jonathan D. Sherman
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 521-2000