IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANCO PANAMERICANO, INC., a South Dakota Corporation, ) ) ) | |
| Plaintiff-counterdefendant, ) ) | |
| v. ) ) | No. 07 C 15 |
| CONSORTIUM SERVICE MANAGEMENT GROUP, INC., also known as CONSORTIUM MANAGEMENT GROUP, INC., a Texas Corp and CSMG GASTECH, LLC, a Texas LLC, ) ) ) ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendants-counterplaintiffs. ) | |

DEFENDANTS' REPLY IN SUPPORT
OF THE MOTION TO MODIFY MINUTE ORDER

Consortium Service Management Group, Inc. and CSMG Gastech, LLC ("CSMG"), by its attorneys David Schmitt and Golan & Christie, LLP, submits its reply in support of its Motion to Modify Minute Order ("Motion"), and states as follows:

Faced with relevant authority specifically on point, even Banco now acknowledges that Illinois law controls the collection of its Judgment. Illinois law specifically requires personal property not exempt from attachment to be liquidated by the Sheriff or another selling officer: Banco has provided no authority, nor can it, for the proposition that the selling agent may be the judgment creditor itself. This is because the Judgment Creditor has no interest in protecting the interests of the judgment debtor whose assets have been liened and are subject to sale.

CSMG does not here dispute the Judgment, its amount, or that its non-exempt assets may be liquidated to pay it. CSMG merely wants, as would any debtor in its position, to achieve the highest value for the assets it must liquidate. Banco, as the judgment creditor, has no motivation (must less any shred of statutory authority) to maximize the value received from any of the

Turnover Assets, and indeed its motivation is the opposite: to minimize the cash value of any asset sold and maintain the leverage of the Judgment.

Banco's reading of *Bobak,* 2008 WL 4814693 (N.D. Ill., Nov. 3, 2008), misses the point of that Opinion: CSMG agrees with the proposition, contained in the Opinion and recited by Banco, that "in the event that delivery to the Sheriff is not the most appropriate method to liquidate the assets, then the court may order the sale of such property by the *debtor* …or by a *selling agent other than the sheriff.*" But to read into this the authority that the Judgment Creditor itself would be that "selling agent" is simply contrary to the spirit and the letter of the law of collection of judgments.

Tellingly, Banco makes no effort to address or distinguish any of the other authority provided by CSMG in its Motion. That authority makes it plain that while this Court can order CSMG to sell or turn over its valuable personal property to a third party for sale, and can further order that all proceeds of such sale be turned over to Banco for application to its Judgment, it does not extend so far as to permit the turnover of property directly to the creditor. Banco has provided nothing whatsoever authorizing such a turnover, and all the relevant authority presented – and common sense -- argues against it.

The Turnover Assets identified by Banco are unquestionably **not** of a nature readily delivered up to the sheriff for public sale, but this does not mean that Banco gets them outright. The CO2 Scrubber, though gigantic in size and specialized in application, can nonetheless be sold on a recognized market of equipment by advertising and soliciting bids. Indeed, companies like Hilco, Winternitz and Great American, among others, list and sell such equipment regularly. The LTC Stock, though not publicly traded, can nonetheless be independently valued and

auctioned. The Patent Rights are truly unique, and unless properly described and disclosed, are probably the most subject to unnecessary undervaluation.

Finally, Banco has professed, repeatedly and in writing, to intend a UCC Sale. If true, then Banco's objection to the Motion to Modify is perplexing, because the UCC does not require the secured party to have possession to any collateral in order to hold a sale. Banco could sell its interest in all of the collateral pledged to secure the loan, including but by no means limited to the Turnover Assets, on no more than 20 days' notice to known creditors…the last two years of litigation, the Judgment, the Citation proceedings: all unnecessary for a UCC Sale. Instead of using the UCC to liquidate its collateral, Banco chose to file a lawsuit in Federal Court, submitting this matter to the jurisdiction of the Court. The Court, then, is bound to use the Federal Rules of Civil Procedure and the law of Illinois in supervising Banco's execution on its judgment. Those rules and law require a third-party selling officer, and that is precisely what CSMG's Motion requests. See, CSMG's Proposed Order, attached to its Motion as Exhibit A.

The Motion should be granted, and CSMG ordered to turn over the Turnover Assets to the independent third party of the Court's direction, for valuation and public sale. Defendants Consortium Service Management Group, Inc., and CSMG Gastech, LLC respectfully request that this Honorable Court grants its Motion and enter an Order in the form attached to its Motion as Exhibit C, and for such other or further relief as the Court deems just and proper.

                Respectfully submitted,

                CONSORTIUM SERVICE MANAGEMENT
                GROUP, INC. and CSMG GASTECH, LLC,
                Judgment Debtors

                By: */s/ David K. Schmitt*
                      One of their Attorneys

David K. Schmitt (ARDC #3128189)
Barbara L. Yong (ARDC #6184000)
Caren A. Lederer (ARDC #6244631)
GOLAN & CHRISTIE, LLP
70 W. Madison, Suite 1500
Chicago, IL 60602
312.263.2300
312.263.0939 fax